**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TAIBA HOLDINGS, LLC,

Plaintiff,

v. Case No.: 6:26-cv-00573-PGB-LHP

GRAHAM D. GREENE,

Defendant,

---

**ORDER**

This cause comes before the Court on review of Plaintiff's Motion for Default Judgment (Doc. No. 23), which motion has been referred to the undersigned. Upon consideration, the motion (Doc. No. 23) will be **DENIED without prejudice**.

Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] "Personal jurisdiction is . . . essential to a valid claim. A judgment rendered in the absence of personal jurisdiction is void and without legal effect. Thus, when deciding a motion for default judgment, a court has an

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte*." *Zambrana v. Scubavice Diving Ctr., LLC*, No. 2:23-cv-731-SPC-KCD, 2025 WL 319350, at *2 (M.D. Fla. Jan. 13, 2025), *report and recommendation adopted*, 2025 WL 317070 (M.D. Fla. Jan. 28, 2025) (citations and quotation marks omitted); *see also Trujillo v. Delhi Style Food Inc*, No. 6:24-cv-206-WWB-EJK, 2024 WL 5111677, at *1 (M.D. Fla. Dec. 13, 2024) ("The party moving for default judgment must demonstrate that a court has jurisdiction over the party against whom the default judgment is sought."); *Persia v. Tab Rest. Grp., LLC*, No. 6:23-cv-1663-PGB-DCI, 2024 WL 128042, at *1 (M.D. Fla. Jan. 11, 2024) (on default judgment, "Plaintiff must establish that the Court has personal jurisdiction over Defendant"); *Lane v. DBI Servs., LLC*, No. 6:22-cv-00041-WWB-LHP, 2022 WL 17416689, at *2–3 (M.D. Fla. Aug. 5, 2022) ("Even in the default judgment context, as a threshold matter, the plaintiff bears the burden of pleading sufficient facts to make out a prima facie case of personal jurisdiction over non-resident defendants." (citation omitted)).

Here, Plaintiff's operative complaint alleges that the sole Defendant, Graham D. Greene, is an individual domiciled in Woodstock, Georgia. Doc. No. 16 ¶ 3. The docket also reflects that Defendant was personally served in Dallas, Georgia. Doc. No. 19. But the operative complaint does not allege or address personal jurisdiction over Defendant. Doc. No. 16. In Plaintiff's motion for default judgment, personal

jurisdiction also goes unmentioned. Doc. No. 23. Based thereon, the undersigned is unable at this time to recommend that default judgment be entered in Plaintiff's favor. *See, e.g.*, *Persia*, 2024 WL 128042, at *1 (denying motion for default judgment where, among other things, "Plaintiff does not even mention jurisdiction"); *Schrader v. Healing Transitions: Creative Counselign Child. & Fams., Inc.*, No. 8:23-cv-2415-TPB-TGW, 2024 WL 4793958, at *1 (M.D. Fla. Apr. 29, 2024) (denying motion for default judgment where "[t]he plaintiff has not provided sufficient facts to support that the court has personal jurisdiction over the parties, either in her complaint or her motion for default judgment. Notably, the individual defendant is a non-resident."); *Sunbelt Rentals, Inc. v. Seminole Mall Realty Holdings, LLC*, No. 6:21-cv-864-GAP-EJK, 2022 WL 11206250, at *2 (M.D. Fla. Jan. 12, 2022) (denying motion for default judgment where "[i]n the Complaint, Plaintiff alleges that the Court has personal jurisdiction over Defendant because 'it conducts and transacts business in the State of Florida,'" but "the Complaint does not contain any other allegations regarding personal jurisdiction, nor does Plaintiff address the issue in the Motion"); *see also Schatz v. CENTR Brands Corp.*, No. 6:23-cv-421-RBD-DCI, 2025 WL 562605, at *2 n.1 (M.D. Fla. Feb. 20, 2025) ("[I]n addition to adequate service of process, the party moving for default judgment must demonstrate that a court has jurisdiction over the parties.").

Accordingly, Plaintiff's motion (Doc. No. 23) is **DENIED without prejudice**. Within **twenty-one (21) days** of the days of this Order, Plaintiff shall file a renewed motion for default judgment, which must establish that the Court has jurisdiction over both the claims and parties, and demonstrate by citation to the operative complaint, legal authority, and evidence as appropriate, Plaintiff's entitlement to default judgment. Plaintiff must attach any evidence to a renewed motion that it wishes the Court to consider—the renewed motion must be a stand-alone document and may not incorporate by reference a prior motion. *See* Local Rule 3.01(h). Alternatively, within **twenty-one (21) days** of the date of this Order, Plaintiff may file a second amended complaint, should it deem it necessary to do so. *See generally United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."). Failure to comply with this Order may result in the dismissal of this case without further notice. *See* Fed. R. Civ. P. 16(f); Local Rule 3.10.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties